06-4698-cv
Caidor v. Onondaga County

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: December 11, 2007       Decided: February 21,2008)

Docket No. 06-4698-cv

- - - - - - - - - - - - - - - - - - - -x

JUNET CAIDOR,

                    Plaintiff-Appellant,

          - v.-

ONONDAGA COUNTY, SHERYL KARPINSKI,
SHAUN MCCARTHY, JOHN BALLONI,
MAUREEN CRANER and TEDDY SPOONER,

                    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

Before:        JACOBS, Chief Judge, POOLER and SACK,
               Circuit Judges.

Plaintiff-Appellant Junet Caidor appeals from an order entered in the Northern District of New York (Peebles, M.J.) on September 20, 2004, denying his motion to compel discovery and issuing a protective order on behalf of the defendants.  For the following reasons, we conclude that Caidor waived his right to appeal the magistrate's order.  Judge Pooler dissents in a separate opinion.

PHILLIP G. STECK, Cooper, Erving & Savage LLP, Albany, NY, for Plaintiff-Appellant.

KAREN A. BLESKOSKI (Anthony P. Rivizzigno, County Attorney, of counsel), Syracuse, NY, for Defendants-Appellees.

DENNIS JACOBS, Circuit Judge:

Plaintiff-Appellant Junet Caidor challenges the grant of summary judgment in favor of the defendants by the United States District Court for the Northern District of New York (McCurn, J.), and an order entered by Magistrate Judge Peebles, denying Caidor's motion to compel discovery and issuing a protective order for the defendants' benefit. In a separate summary order filed today, we affirm the grant of summary judgment dismissing the complaint. This opinion concerns only the discovery order, which was entered while Caidor was appearing pro se.

Caidor did not object to Magistrate Judge Peebles's order in the district court. It is settled law that a pro se litigant's failure to object to a magistrate judge's decision on a dispositive matter does not effect a waiver of appellate review absent an express warning from the magistrate judge. Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). For the reasons stated below, we decline to extend that rule to a

2

magistrate judge's decision on a non-dispositive matter.  We therefore hold that Caidor waived his right to appeal Magistrate Judge Peebles's order.

On appeal, Caidor argues that his lost opportunity for discovery prevented him from resisting summary judgment. Because Caidor did not press this argument in the district court, ordinarily we would not consider it on appeal.  See Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006) ("'[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.'") (quoting Greene v. United States, 13 F.3d 577, 586 (2d Cir. 1994) (alteration in original)). "However, because the rule is prudential, not jurisdictional, we have discretion to consider waived arguments."  Sniado v. Bank Austria AG, 378 F.3d 210, 213 (2d Cir. 2004) (citation omitted), vacated on other grounds, 542 U.S. 917, 124 S. Ct. 2870 (2004).  For instance, "[w]e have exercised this discretion where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." Id. (citation omitted).

Caidor, who is not a lawyer, was appearing pro se when he opposed the defendants' motion for summary judgment.  On

appeal, the defendants argue waiver. But they do not rely on Caidor's failure to oppose summary judgment on the ground of outstanding discovery requests; instead, they rely on his failure to object to Judge Peebles's discovery ruling in the district court. The appellate issue framed by the parties is one of pure law, and is fully briefed by counsel. For these reasons, we exercise our discretion to consider this issue.

## BACKGROUND

Caidor began working at the Onondaga County Department of Emergency Communications on March 11, 2002. Four days later, he was fired after his supervisors learned that his job application failed to disclose his criminal record. On July 1, 2003, Caidor filed suit in the Northern District of New York, alleging that his termination was based on race discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 42 U.S.C. §§ 1981, 1983 and 1985; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101; and the New York State Human Rights Law, N.Y. Exec. Law § 290.

Magistrate Judge Peebles, who oversaw pretrial discovery in this matter pursuant to 28 U.S.C. § 636(b)(1),

4

set a discovery deadline of April 16, 2004.  In May 2004 (after the deadline had passed) the parties reported that they were close to settlement; but soon thereafter, Caidor's lawyer withdrew from the representation.  On July 29, 2004, Judge Peebles entered an order (1) extending the discovery deadline to August 13, 2004, (2) allowing Caidor to serve three additional interrogatories on the defendants, and (3) ordering Caidor to respond to the defendants' discovery requests and appear for his deposition.

Caidor thereafter served on the defendants forty document requests and six requests for admission.  On August 26, 2004, Caidor moved to compel the defendants to respond.  On September 20, 2004, Judge Peebles entered an order denying the motion to compel and issuing a protective order for the benefit of the defendants.  The order did not advise that the failure of a party to file objections in the district court within ten days would preclude appellate review pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a).  Caidor filed no objection to the order in the district court.  He challenges it now on appeal.

**DISCUSSION**

In general, "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."  Small, 892 F.2d at 16 (citations omitted); see, e.g., Spence v. Md. Cas. Co., 995 F.2d 1147, 1155 (2d Cir. 1993) ("Spence did not object in the district court to the magistrate judge's rulings within the period allowed by the Rules or, indeed, at any time prior to the entry of final judgment.  Accordingly, he may not challenge those discovery rulings in this Court.").

Caidor relies on the following text from Small for the proposition that his pro se status excused his failure to object in the court below:

> [A] pro se party's failure to object to a magistrate's report and recommendation within the ten day time limit prescribed by 28 U.S.C. § 636(b)(1) does not operate as a waiver of the right to appellate review of the district court's adoption of the magistrate's recommendation unless the magistrate's report explicitly states that failure to object to the report within ten (10) days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure.

Small, 892 F.2d at 16.

We conclude that Small, which concerned a pro se litigant's appeal from a magistrate's report and recommendation on a dispositive matter, is limited to that

6

context. Federal Rule of Civil Procedure 72(b), which governs magistrates' decisions on dispositive matters, like the one at issue in Small, contains no explicit waiver language; but there is a warning as to waiver in Rule 72(a), which governs non-dispositive matters like the one at issue here. Compare Fed. R. Civ. P. 72(b)(2) ("Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.") with Fed R. Civ. P. 72(a) ("A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." (emphasis added)); see also Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002) (observing that unlike Rule 72(a), "there is no similar [waiver] provision in Rule 72(b) for recommendations as to dispositive motions"). So, where a magistrate's ruling on a dispositive matter is at issue, "our waiver rule is set forth only in case law." Small, 892 F.2d at 16.

The Court in Small reasoned that even if the pro se plaintiff

> had attempted to locate the specific Federal
> Rules of Civil Procedure cited at the end of

7

the magistrate's report, none of those rules would have informed her of the potential waiver of appellate review . . . To require a <u>pro se</u> plaintiff . . . to wade through the case law of this Circuit in order to preserve her right to appellate review would be an unreasonable burden.

<u>Small</u>, 892 F.2d at 16. In other words, because Rule 72(b) does not warn <u>pro se</u> litigants of appellate waiver, we tasked magistrate judges with doing so. <u>Small</u> has been applied consistently by this Circuit to <u>pro se</u> litigants' appeals from magistrates' rulings on dispositive matters. <u>See, e.g.</u>, <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993) (finding waiver where the magistrate's report and recommendation proposing dismissal "plainly satisfie[d] the <u>Small</u> requirements, and additionally referred to the <u>Small</u> decision"); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992) (finding waiver where <u>pro se</u> litigant "failed to object to the Magistrate Judge's report after receiving adequate notice of the consequences of a failure to object in a timely manner").

Caidor asks us to extend <u>Small</u> to his appeal from the magistrate's ruling on a <u>non</u>-dispositive discovery matter. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); <u>Thomas E. Hoar, Inc. v. Sara Lee Corp.</u>, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are

8

considered nondispositive of the litigation." (citation and internal punctuation omitted)). This Circuit makes certain allowances for pro se litigants. We recognize that the right to appear pro se "should not be impaired by harsh application of technical rules," and therefore we "make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). Nonetheless, "pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995) (citation omitted); see also Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996) (Jacobs, J., dissenting) ("The concept of 'sixty days' can be understood and appreciated without a legal education. (One would have to be a lawyer to believe that 'sixty days' is an elusive concept.)").

"[T]his is not a case where a pro se litigant has stumbled into a snare found only in our case law." LoSacco v. Middletown, 71 F.3d 88, 92 (2d Cir. 1995). If Caidor had consulted the Federal Rule of Civil Procedure applicable to Magistrate Judge Peebles's order, it "would have informed [him] of the potential waiver of appellate review." Small,

9

892 F.2d at 16.[1]  Where, as here, reading the applicable rule will warn a _pro se_ litigant of the consequences of filing an untimely objection, we see no need to require that the magistrate judge inform the litigant of an appeal waiver provision.  Accordingly, we hold that a _pro se_ litigant who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order, even absent express notice from the magistrate judge that failure to object within ten days will preclude appellate review.

**CONCLUSION**

The judgment is affirmed.

---

[1] In the Southern District of New York, _pro se_ litigants are given a manual that advises, "If you do not object to the Magistrate Judge's order within that ten (10) day period, you may not later object to the order."  Manual for Pro Se Litigants Appearing Before the United States District Court for the Southern District of New York, _available at_ http://www1.nysd.uscourts.gov/cases/ show.php?db=forms&id=71.  The Northern District of New York might consider supplementing its _pro se_ manual with a similar express warning about the risk of appellate waiver.

10

POOLER, <u>Circuit Judge</u>, dissenting:

I respectfully dissent. It is not enough to repeat the language of solicitude for the rights of <u>pro se</u> litigants without giving meaning to those rights. Since we need not reach the issue of whether this plaintiff waived his discovery rights, in order to affirm the grant of summary judgment to the defendants in this discrimination action, we should not do so. This is especially so, since, as the majority opinion points out, the Northern District of New York does not separately inform litigants in its <u>pro se</u> manual of the risk of appellate waiver for failing to object within the required period. Plaintiff benefitted from some discovery while he was represented by counsel and he does not, on appeal, explain what additional information he sought. The key question of whether Onondaga County Department of Emergency Communications had ever employed anyone who had a discrepancy between their criminal background check and their responses to related questions on the application form had already been answered. Therefore, we need not decide whether Magistrate Peebles correctly denied plaintiff's motion to compel discovery because it would not alter the outcome of the motion for summary judgment. Apart from advising the Northern District of New

11

York that it "might consider" supplementing its <u>pro se</u> manual, I, respectfully, see no merit to this ungenerous little opinion.