Althea DAVIS, Major, United States
Army Reserve, Plaintiff–
Appellant,

v.

Preston M. GEREN, III, Secretary of
the Army,[1] Defendant–Appellee.

No. 06–5373–cv.

United States Court of Appeals,
Second Circuit.

April 4, 2008.

Alexander Levine, Levine & Chong,
LLC, New York, New York, for Plaintiff–
Appellant.

Timothy D. Lynch, Assistant United
States Attorney (Varuni Nelson, Assistant
United States Attorney, Benton J. Campbell, United States Attorney for the Eastern District of New York, on the brief),
Brooklyn, New York, for Defendant–Appellee.

PRESENT: Hon. JOSEPH M.
McLAUGHLIN, Hon. CHESTER J.
STRAUB, Hon. ROSEMARY S.
POOLER, Circuit Judges.

**SUMMARY ORDER**

Plaintiff–Appellant Althea Davis appeals
from a judgment of the United States District Court for the Eastern District of New
York (Sandra L. Townes, *District Judge*),
entered on September 27, 2006, adopting
the Report & Recommendation ("R & R")
of the Magistrate Judge (Stephen M. Gold,
*Magistrate Judge*), granting Defendant–
Appellee's motion for summary judgment,

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Army Preston M. Geren, III, is automatically substituted for former Secretary of the Army Francis J. Harvey as the Defendant–Appellee in this case.

denying Davis's cross-motion for summary judgment, and thereby dismissing the case. Relying on the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.,* Davis challenges the determination by the Army Board for Correction of Military Records ("ABCMR") in denying the following requested relief: (1) remove a 1995–96 job performance evaluation from Davis's record; (2) include a statement in Davis's record that the absence of three years of evaluations was not her fault; and (3) remove any reference in her record to a "hardship discharge." We assume the parties' familiarity with the background, procedural history, and issues on appeal. For the reasons that follow, we affirm the decision of the District Court.

Davis's appeal was waived when she failed timely to object to the R & R of the Magistrate Judge. "In general, failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir.2008) (internal quotation marks omitted), provided that "the party had received clear notice of the consequences of the failure to object," *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992) (internal quotation marks omitted), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992). Davis received such clear notice in the R & R itself, which contained explicit instructions on where and by what date to file objections, as well as a warning that Davis's failure to do so would waive any such objections. Davis failed to file any objections until roughly four months after the deadline to do so. Although we may excuse this waiver "in the interests of justice," *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993), Davis has not provided any convincing argument that justice requires us to overlook her waiver of these issues below. Instead, Davis offers only the assertion that she has already suffered "great prejudice" based upon nothing more than the underlying conduct she seeks to challenge. As we find no basis in the record to excuse Davis's failure to object to the R & R, we conclude that she has waived any such objections for purposes of this appeal.

For the foregoing reasons, we AFFIRM the judgment of the District Court.