Robin GAFFNEY, et al., Plaintiffs,

v.

DEPARTMENT OF INFORMATION TECHNOLOGY AND TELECOMMUNICATIONS et al., Defendants.

No. 04 Civ. 10179.

United States District Court, S.D. New York.

Sept. 26, 2008.

Eugenie Gilmore, Law Offices Of Eugenie Gilmore, John A. Beranbaum, Beranbaum Menken Ben–Asher & Bierman LLP, New York, NY, for Plaintiffs.

Amy Grossberg, Joshua Robert Fay, New York City Law Depart. Office of the Corporation Counsel, Andrea Mary O'Connor, NYC Law Department, Office of the Corporation Counsel, Blanche Jayne Greenfield, New York City Law Department, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

The Court has received two motions in *limine* in the matter of *Robin Gaffney v. Department of Information Technology and Telecommunications* pertaining to the trial involving the claims of plaintiffs Albert Stewart ("Stewart") and Polycarpe Kalembwe ("Kalembwe") (collectively, "Plaintiffs"). The first motion was brought by the Plaintiffs' and requests that the Court:

(1) pursuant to Federal Rules of Evidence ("FRE") 402 and 403, exclude evidence (the "RF–CUNY Evidence") purporting to show that Plaintiffs were employed by the Research Foundation–City University of New York ("RF–CUNY");

(2) pursuant to FRE 403, exclude evidence pertaining to Stewart's alleged threat against Arick Wierson's ("Wierson") life if Stewart were to lose his job;

(3) pursuant to FRE 402 and 404(b), exclude evidence relating to employment complaints made against Stewart during the period from 1997–1999 (the "Employment Complaints"); and

(4) not bifurcate Plaintiffs' claims with respect to 42 U.S.C. §§ 1981 and 1983 (" § 1981" and " § 1983") as was requested by Defendants in the Joint Pretrial Order. The second motion was brought by defendants the City of New York (the "City"), the City's Department of Information Technology and Telecommunications ("DITT"), NYC–TV, Arick Wierson ("Wierson"), Yocasta Delgado ("Delgado"), Walter Garaicoa ("Garaicoa"), Michael McKenna ("McKenna"), and Seth Unger ("Unger") (collectively, "Defendants") (Wierson, Delgado, Garaicoa, McKenna, and Unger are collectively, "Individual Defendants") and requests that the Court:

(5) exclude any evidence detailing the subject of a lawsuit previously filed by Stewart against the City;

(6) exclude any testimony given by Judy John; and

(7) reconsider the Order of Magistrate Judge Henry Pitman ("Judge Pitman") dated April 20, 2006 ("Judge Pitman's Order"), which directed the Individual Defendants to produce records relating to their net worth at least five days prior to the start of trial.

Plaintiffs' motion with respect to the RF–CUNY Evidence is **DENIED**. Plaintiffs' motion with respect to the evidence pertaining to Stewart's alleged threat against Wierson is **DENIED**. Plaintiffs' motion with respect to the evidence concerning the Employment Complaints is **DENIED**. Plaintiffs' motion with respect to not bifurcating Plaintiffs' claims pursuant to §§ 1981 and 1983 is **GRANTED**. Defendants' motion with respect to exclusion of evidence detailing Stewart's prior lawsuit is **GRANTED**. Defendants' motion with respect to excluding any testimony of Judy John is **DENIED**. Defendants' motion with respect to reconsideration of Judge Pitman's Order dated April 20, 2006 is **DENIED**.

## I. RF–CUNY EVIDENCE

Federal Rule of Evidence 402 states that relevant evidence is generally admissible, and FRE 403 states that evidence that is relevant may nonetheless be excluded if its probative value is substantially outweighed by, among other considerations, the danger of unfair prejudice, confusion of the issues, or misleading the jury. Plaintiffs assert that the only conceivable purpose of admitting the RF–CUNY Evidence is to demonstrate to the jury that Plaintiffs were RF–CUNY employees and not employees of New York City. Plaintiffs further assert that because the Court already decided in a previous ruling that Plaintiffs were City employees, admission of the RF–CUNY Evidence would confuse the jury and should be excluded pursuant to FRE 402 and 403.

Defendants counter that they do not intend to offer the RF–CUNY Evidence for the purpose of demonstrating that Plaintiffs were employed by an entity other than the City. Rather, they assert that they intend to establish that Plaintiffs' prior employment with Crosswalks was pur-

suant to a Memorandum of Understanding between RF CUNY and DITT. Defendants argue, and the Court agrees, that admission of the RF–CUNY Evidence for this purpose is relevant, proper, and that its probative value is not substantially outweighed by risk of unfair prejudice or confusion to the jury. Accordingly, Plaintiffs' motion to exclude the RF–CUNY Evidence is **DENIED.**

## II. STEWART'S ALLEGED THREATS AGAINST WIERSON

■ Plaintiffs also assert that admitting evidence concerning a statement that Stewart allegedly made in which he threatened to kill Wierson should be excluded pursuant to FRE 402 and 403. Plaintiffs specifically argue that Stewart denies making such a comment and that the alleged comment was irrelevant to the decision of whether Defendants would rehire Stewart and that it was unduly prejudicial. Defendants counter, and the Court agrees, that to the extent that Defendants or any other decision maker was aware of an alleged threat made by Stewart, regardless of whether the threat was substantiated, and to the extent such an act by Stewart became part of the state of mind of Defendants or any other decision maker, the evidence is relevant and its probative value is not substantially-outweighed by undue prejudice. Accordingly, Plaintiffs' motion to exclude Stewart's alleged threats against Wierson is **DENIED.**

## III. THE EVIDENCE CONCERNING THE EMPLOYMENT COMPLAINTS

Plaintiffs assert that the evidence concerning the Employment Complaints are irrelevant to the issues at trial, and thus, should be excluded pursuant to FRE 402. Plaintiffs argue that Defendants claim they did not rehire Stewart because there were superior candidates, not because there were Employment Complaints filed four to six years earlier. Plaintiffs further assert that the Employment Complaints were the subject matter of Stewart's previous lawsuit in which Stewart claimed retaliation, and that if Defendants introduce such evidence, Stewart would need to counter with evidence showing that Defendants' disciplinary actions were retaliatory, requiring the parties to re-litigate retaliation claims from prior lawsuits.

Defendants counter that the evidence concerning the Employment Complaints is relevant to the issues at trial and is intended to represent the collective experience Defendants' had with Stewart's work performance. Defendants assert that the Employment Complaints were contained in Stewart's personnel file and were available for review by the relevant decision makers at the time Defendants did not rehire Stewart.

■ The Court agrees with Defendants. The evidence concerning the Employment Complaints is relevant and admissible to the extent that such evidence contributed to the mental state of any decision maker considering Stewart's candidacy for an open position. Furthermore, no final ruling was rendered with respect to Stewart's previous retaliation claims and so there is no need for the parties to re-litigate whether or not the Employment Complaints about Stewart's conduct were made in retaliation for his prior lawsuit. Accordingly, Plaintiffs' motion to exclude the evidence concerning the Employment Complaints is **DENIED.**

## IV. BIFURCATION OF PLAINTIFFS' §§ 1981 AND 1983 CLAIMS

Defendants, in the parties' Joint Pretrial Order, propose bifurcating the §§ 1981 and 1983 claims from Plaintiffs' claims against the Individual Defendants.

Plaintiffs, by their motion *in limine* dated September 15, 2008, oppose Defendants' proposal and request that the Court not bifurcate the §§ 1981 and 1983 claims.

 Pursuant to Federal Rule of Civil Procedure ("FRCP") 42(b), the Court may, in its discretion, bifurcate a trial for convenience or when separate trials will be conducive to expedition and economy. *See* Fed.R.Civ.P. 42(b). The factors a court is to consider when determining whether to grant separate trials include whether: (1) the issues sought to be tried are significantly different from one another; (2) the severable issues require testimony from different witnesses and/or different documentary proof; (3) the extent to which the party opposing severance would be prejudiced if it were granted; and (4) the extent to which the party requesting severance would be prejudiced if it were not granted (the "Factors"). *See Lewis v. Triborough Bridge and Tunnel Auth.*, No. 97 Civ. 0607, 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000). Bifurcation, however, remains the exception rather than the rule, *see id.*, and " 'the party moving for a separate trial has the burden of showing that [separate trials are] necessary to prevent prejudice or confusion, and to serve the ends of justice.' " *Id.* (*quoting Buscemi v. Pepsico, Inc.*, 736 F.Supp. 1267, 1271 (S.D.N.Y.1990)).

 In the instant matter, the Court finds that because the testimony and documentary evidence that will form the bases of Plaintiffs' claims against the Individual Defendants substantially overlap and are inextricably related to Plaintiffs' §§ 1981 and 1983 claims, bifurcation is inappropriate. *See Pavone v. Gibbs*, No. 95 Civ. 0033, 1997 WL 833472, at *1–2 (E.D.N.Y. Sept. 29, 1997) (denying a motion to bifurcate § 1983 claims from claims against individual defendants because of substantial overlap of evidence). Also, the Court con-

cludes that the Factors clearly weigh in favor of denying Defendants' request to bifurcate. Accordingly, the Plaintiffs' motion to not bifurcate Plaintiffs' §§ 1983 and 1981 claims is **GRANTED.**

## V. *EVIDENCE DETAILING THE SUBJECT OF STEWART'S PRIOR LAWSUIT*

Defendants move to exclude particular evidence of Stewart's prior lawsuit against the City. Specifically, Defendants seek to exclude the Complaint and Amended Complaint in a lawsuit previously filed by Stewart (exhibits P–69 and p–67 respectively), the affidavits of Kalembwe and Judy John in support of Stewart's claims in the previously filed action (exhibits P–68 and P–39 respectively), two decisions of the court denying defendants' motion for summary judgment in that action (exhibits P–88 and P–89), and the Stipulation of Settlement and Discontinuance of that action (exhibit P–31) (collectively, the "Prior Lawsuit Evidence"). Defendants assert that the Prior Lawsuit Evidence is hearsay, irrelevant to this matter, confusing to the jury, and unduly prejudicial to Defendants.

The Court finds that the Prior Lawsuit Evidence, notwithstanding testimony necessary for establishing that each plaintiff either filed a prior lawsuit against the City alleging discrimination or that Kalembwe participated in Stewart's lawsuit by signing an affidavit, is hearsay, for the most part irrelevant to this matter and potentially confusing to the jury. Accordingly, Defendants' motion to exclude the Prior Lawsuit Evidence is **GRANTED.**

## VI. *JUDY JOHN TESTIMONY*

Defendants move to exclude the potential testimony of Judy John ("John"), who applied for a Community Associate position with NYC–TV but was not hired.

Plaintiffs indicate that John will purportedly testify as to her participation in discrimination litigation against Defendants, the application and interview process, failure to be hired, and Defendants' discriminatory and retaliatory conduct. Defendants assert that John's testimony is prohibited "me, too" testimony and that it should also be excluded pursuant to FRE 403 and 404. The Court is not persuaded that John's testimony should be excluded in its entirety.

■ Contrary to Defendants' argument, it is well established in the Second Circuit that one way to establish retaliation is to demonstrate that other people who have participated in protected activity have been treated adversely and similarly to plaintiffs. *See Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 141 (2d Cir.1993); *Taitt v. Chemical Bank*, 849 F.2d 775, 778 (2d Cir.1988); *DeCintio v. Westchester County Med. Ctr.*, 821 F.2d 111, 115 (2d Cir.1987). John worked with Kalembwe and Stewart at Crosswalks, and like the Plaintiffs, John allegedly engaged in similar protected activity and was terminated and not rehired as part of the same reorganization as Plaintiffs. This potential testimony is relevant to the issues at trial, including Plaintiffs' § 1983 claim that Crosswalks had a policy or practice of discrimination and retaliation. Insofar as portions of John's prospective testimony may potentially go beyond the scope of what is permissible, the Court can address specific objections on a case-by-case basis, and give the jury an appropriate limiting instruction as to the purpose for which the testimony is being admitted. Accordingly, Defendants' motion to exclude the potential testimony of John is **DENIED**.

## VI. *RECONSIDERATION OF MAGISTRATE'S ORDER*

Judge Pitman's Order directed Defendants to produce records relating to the net worth of the Individual Defendants five days prior to the start of trial. Defendants move this Court for reconsideration of Judge Pitman's Order. Defendants assert that because of the sensitive and private nature involved with Judge Pitman's Order and that not all of the Individual Defendants took part in the decisions not to rehire Stewart and Kalembwe, the Court should delay such disclosure until after the close of Plaintiffs' case and a ruling on any Defendants' FRCP 50 motion, if any, is made.

Defendants, however, have waived their right to object to Judge Pitman's Order because FRCP 72(a) allows ten days for the filing of objections to non-dispositive motions, and "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir.2008) (citations and quotation marks omitted). Accordingly, Defendants' motion for reconsideration is **DENIED**.

## VII. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the First Motion in *Limine* (Docket No. 53) filed by plaintiffs Robin Gaffney, Polycarpe Kalembwe, and Albert Stewart ("Stewart") (collectively, "Plaintiffs") herein is **GRANTED** to the extent that it requests the Court to not bifurcate Plaintiffs' claims pursuant to 42 U.S.C. §§ 1981 and 1983 but **DENIED** in all other respects; and it is finally

**ORDERED** that the motion in *limine* (Docket No. 64) filed by defendants the City of New York (the "City"), the City's Department of Information Technology and Telecommunications, NYC–TV, Arick Wierson, Yocasta Delgado, Walter Garai-

coa, Michael McKenna, and Seth Unger (collectively, "Defendants") is **GRANTED** to the extent that Defendants move the Court to exclude evidence detailing the subject of Stewart's prior lawsuit against the City but **DENIED** in all other respects.

**SO ORDERED.**