**UNITED STATES of America,**
**Appellee,**

v.

**Giovan ARCAMONE, Defendant–**
**Appellant,**

**Christine Attard, Defendant.**

**No. 07–2932–cr.**

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

Jo Ann M. Navickas, Assistant United States Attorney, (Christopher A. Ott, Assistant United States Attorney, of counsel, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (on submission), for Appellee.

Barry S. Zone, Gersten, Savage, Kaplowitz, Wolf & Marcus, LLP, New York, N.Y. (on submission), for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Circuit Judges, and Hon. JOHN F. KEENAN, District Judge.[1]

### SUMMARY ORDER

Defendant–Appellant Giovan Arcamone appeals from his sentence imposed by the United States District Court for the Eastern District of New York (Irizarry, *J.*) following his guilty plea to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Arcamone argues on appeal that the District Court violated his due process rights by relying on a letter submitted by his former girlfriend without first notifying the parties, and that the court further erred by declining to grant his motion for a lower sentence based on extraordinary family circumstances.

■ Arcamone did not object to the District Court's consideration of the letter at any time during the sentencing proceed-

---

ings or for several days thereafter. The District Court therefore had no occasion to review Arcamone's objection to its consideration of the letter. We generally will not review issues not passed upon below. *See Caidor v. Onondaga County,* 517 F.3d 601, 603 (2d Cir.2008). We will, however, hear such issues when consideration is necessary to avoid manifest injustice. In the instant case, no such injustice occurred. Accordingly, we deem this challenge forfeited.

■ We review Arcamone's sentence for reasonableness. *United States v. Fernandez,* 443 F.3d 19, 25–26 (2d Cir.2006). The District Court recognized its ability to impose a non-Guidelines sentence, and considered, in some detail, Arcamone's request for a downward departure for family circumstances. It then chose not to exercise its discretion in this regard. This choice was not unreasonable.

We have reviewed all of Appellant's claims and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.