09-1458-cv
Idrees v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of July, two thousand and ten.

PRESENT: BARRINGTON D. PARKER,
 RICHARD C. WESLEY,
  *Circuit Judges*,
 RICHARD W. GOLDBERG,
  *Judge*.[*]

_____

MOHAMMAD IDREES,

  *Plaintiff-Appellant*,

 -v.-    09-1458-cv

CITY OF NEW YORK,

  *Defendant-Appellee*.[**]

_____

[*] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

[**] The Clerk of the Court is respectfully directed to amend the official caption of this appeal to conform to the caption of this summary order.

FOR APPELLANT:            MOHAMMAD IDREES, *pro se*, New York, NY.

FOR APPELLEE:             KRISTIN M. HELMERS (Alan G. Krams, *of counsel*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED.**

*Pro se* appellant Mohammad Idrees appeals the district court's grant of summary judgment in favor of the City of New York.  The district court dismissed appellant's discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34; both sets of claims were based on discrete theories of failure to promote, retaliation, and a hostile work environment.  *See Idrees v. City of New York*, No. 04 Civ. 2197 (LAK) (GWG), 2009 WL 142107 (S.D.N.Y. Jan. 21, 2009).[1]  We presume the

---

[1]  In a prior order not at issue in this appeal, the district court also adopted the magistrate judge's recommendation that: (1) appellant's claims were time-barred to the extent they were based on conduct prior to April 13, 2002, and (2) his state-law tort claim should be dismissed. *See Idrees v. City of N.Y. Dep't of Parks & Recreation*, No. 04 Civ. 2197 (LAK) (GWG), 2005 WL 1026027 (S.D.N.Y. May 3,

parties' familiarity with the facts, procedural history, and issues in this appeal.

In granting summary judgment in favor of appellee, the district court adopted the January 21, 2009 Report and Recommendation of a magistrate judge (the "R&R").  The R&R stated that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal."  *Idrees*, 2009 WL 142107, at *14 (citing *Thomas v. Arn*, 474 U.S. 140 (1985)).  Thus, the magistrate judge provided the requisite "express warning" of the consequences of the failure to file objections.  *Caidor v. Onondaga County,* 517 F.3d 601, 602-03 (2d Cir. 2008).  Nevertheless, appellant, who was represented by counsel during his opposition to the motion for summary judgment, failed to file objections.  Therefore, appellant has "waive[d] any further judicial review of the findings contained in the report."  *Spence v. Superintendent, Great Meadow Corr. Facility,* 219 F.3d 162, 174 (2d Cir. 2000).

Although we are free to "excuse [this] default in the interests of justice," *id.* (internal quotation marks

2005).

3

omitted), we decline to do so here because the waived arguments presented in this appeal lack merit.[2]  With respect to appellant's failure to promote claims, our independent review of the record confirms that appellant failed to adduce sufficient evidence to allow a fact finder to conclude that he "was rejected under circumstances which give rise to an inference of unlawful discrimination." *Aulicino v. N.Y. Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009) (internal quotation marks omitted).  We reach that conclusion with respect to each promotion that appellant contends that he was denied after April 13, 2002. *See Idrees*, 2009 WL 142107, at \*10 n.3.

Appellant's hostile work environment claims are defective for a similar reason.  Although we consider "the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period," *McGullam v. Cedar Graphics, Inc.*, --- F.3d ----, No. 08-4661-cv, 2010 WL 2366026, at \*4 (2d Cir. June 15, 2010) (internal quotation marks omitted), a jury could not conclude from this record that appellant's workplace was

---

[2] We likewise conclude, for similar reasons, that it would be futile to remand the case in order to allow appellant to file objections to the Report and Recommendation.

"permeated with discriminatory intimidation" to an extent that "alter[ed] the conditions of [his] employment." *Aulicino*, 580 F.3d at 82 (internal quotation marks omitted).

Finally, appellant's retaliation claim was properly dismissed because there was insufficient evidence of a causal connection between his protected activity and the adverse employment decisions, *i.e.*, the denied promotions. *See e.g.*, *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999).

We therefore conclude that appellant waived his ability to seek judicial review of the magistrate judge's R&R, and that the circumstances of this case do not warrant relief from the consequences of that waiver. Accordingly, this appeal is hereby **DISMISSED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk