10-916-cv
King v. City of New York, Department of Corrections

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of   April, two thousand eleven.

PRESENT:   ROBERT D. SACK,
                    GERARD E. LYNCH,
                                          *Circuit Judges*,
                    LORETTA A. PRESKA,[*]
                                          *District Judge.*

-------------------------------------------------------------------

TRACY KING,

                                *Plaintiff-Appellant*,

                    v.                                                        No. 10-916-cv

CITY OF NEW YORK, DEPARTMENT OF CORRECTIONS,
                                *Defendant-Appellee*.

-------------------------------------------------------------------

APPEARING FOR APPELLANT:          TRACY KING, *pro se*, Staten Island, New York.


APPEARING FOR APPELLEE:           NORMAN  TAUB CORENTHAL, Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel, New York City Law Department, New York, New York.

---

[*] Chief Judge Loretta A. Preska of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *J.*; Douglas F. Eaton, *M.J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Appellant Tracy King, *pro se*, appeals the judgment of the district court granting the Appellee's motion for summary judgment and dismissing her employment discrimination claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A party's failure to timely object to a magistrate judge's report and recommendation "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." United States v. Male Juvenile (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997). Although this rule applies equally to counseled and *pro se* litigants, it is "a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice." Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000).

In his report and recommendation, which the district court adopted, the magistrate judge expressly advised Appellant that "[f]ailure to file objections [to the report and

2

recommendation] within 10 business days [would] preclude appellate review." King v. City of N.Y., Dep't of Corr., No. 08 Civ. 6665(JSR)(DFE), 2009 WL 5814122, at *10 (S.D.N.Y. Sept. 23, 2009), citing Fed. R. Civ. P. 72(b). Thus, the magistrate judge provided the requisite "express warning" of the consequences of the failure to file objections, Caidor v. Onondaga Cnty., 517 F.3d 601, 603 (2d Cir. 2008), and, despite this warning, Appellant failed to file any objections.

Accordingly, Appellant has "waive[d] any further judicial review of the findings contained in the report," Spence, 219 F.3d at 174. While we may "excuse [this] default in the interests of justice," id. (quotation marks omitted), we decline to do so here, because Appellant's arguments on appeal lack substantial merit. The evidence conclusively establishes that Appellant was terminated because of her chronic lateness and absenteeism. Appellant has put forth no evidence that would permit a reasonable decisionmaker to find that the Appellee's asserted justification for the firing was a mere pretext for disability discrimination or retaliation. Indeed, the decision to fire Appellant was upheld by the New York Supreme Court, which determined that the decision was not "arbitrary, capricious, irrational, unlawful or made in bad faith." King v. City of N.Y., No. 102678/08 (N.Y. Sup. Ct. Apr. 1, 2008).

The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3