22-252-cv (L)
*Curtis v. Greenberg*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Wilfred Robert Curtis, Esq.,
> *Plaintiff-Appellant-*
> *Cross-Appellee*,

v.                                                                   22-252-cv (L), 22-346-cv
                                                                     (XAP)

Teresa Greenberg, Esq., The Law Office of
Yeung & Wang, PLLC, William J. Larkin, III,
Esq., Larkin, Ingrassia & Tepermayster, LLP,
Todd A. Kelson, Esq., Todd A. Kelson, PC,
Mishael Minnie Pine, Esq., Ronald A. Berutti,
Esq., Weiner Law Group, LLP, Gregory
Scheindlin, Esq., Scheindlin Law Office,
Niloufer Bassa,
> *Defendants-Appellee*s,

1

Jeffrey Saltiel, Esq., Wenig, Saltiel, LLP,
*Defendants-Appellees-Cross-Appellants.*

FOR PLAINTIFF-APPELLANT-CROSS-APPELLEE:

WILFRED ROBERT CURTIS, ESQ., *pro se*, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES TERESA GREENBERG, ESQ. & THE LAW OFFICE OF YEUNG WANG, PLLC:

ANTHONY D. GREEN (Alexander Truitt, *on the brief*), Winget, Spadafora & Schwartzberg, LLP, New York, NY.

FOR DEFENDANTS-APPELLEES WILLIAM J. LARKIN, III, ESQ. & LARKIN, INGRASSIA & TEPERMAYSTER, LLP:

CHERYL F. KORMAN (Merril S. Biscone, *on the brief*), Rivkin Radler LLP Uniondale, NY.

FOR DEFENDANTS-APPELLEES TODD A. KELSON, ESQ. & TODD A. KELSON, PC:

JOSEPH L. FRANCOEUR, Wilson Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY.

FOR DEFENDANT-APPELLEE MISHAEL MINNIE PINE, ESQ.:

ERIN A. O'LEARY, Lewis Brisbois Bisgaard & Smith LLP, New York, NY.

2

FOR DEFENDANTS-APPELLEES
RONALD A. BERUTTI & WEINER LAW
GROUP, LLP:

ANTHONY J. IACONIS (Jonathan P. Whitcomb, Danielle B. Charlot, *on the brief*), Diserio Martin O'Connor & Castiglioni LLP, Stamford, CT.

FOR DEFENDANTS-APPELLEES
GREGORY SCHEINDLIN, ESQ. &
SCHEINDLIN LAW OFFICE:

Gregory Sheindlin, Sheindlin Law Firm, New York, NY.

FOR DEFENDANTS-APPELLEES-
CROSS-APPELLANTS
JEFFREY SALTIEL, ESQ. &
WENIG, SALTIEL, LLP:

Howard S. Bonfield, Wenig Saltiel LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Wilfred Robert Curtis, an attorney proceeding *pro se*, sued various attorneys and law firms under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)–(d) and 1964, alleging that the defendants colluded to take control of his assets through fraud while he was medically incapacitated and abusing alcohol. The district court dismissed Curtis's second amended complaint and denied his subsequent motion for reconsideration, which was premised, in part, on an untimely challenge to an earlier order on a motion to compel issued

3

by the magistrate judge.[1]  *See Curtis v. Greenberg*, No. 20-cv-824, 2021 WL 4340788, at *1 (E.D.N.Y. Sept. 23, 2021), *reconsideration denied*, 2022 WL 173108 (E.D.N.Y. Jan. 19, 2022). Curtis appealed.[2]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6).  *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 495 (2d Cir. 2021).  To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted). We review the denial of a motion for reconsideration under Federal Rule of Civil Procedure 59(e) for abuse of discretion.  *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013).

In its thorough and well-reasoned decision, the district court correctly determined that Curtis did not plead a RICO claim because he failed to plausibly allege that the defendants were part of a RICO enterprise.  "To establish a civil RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity, as well as injury to business or property as a result of the RICO violation." *Lundy v. Cath. Health Sys. of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (internal quotation marks and citation omitted).  The RICO

---

[1]  In addition to his federal RICO claims, Curtis also brought various state law claims.  The district court declined to exercise supplemental jurisdiction over these claims after it dismissed his RICO claims.

[2]  One group of defendants cross-appealed a concomitant denial of sanctions under Rule 11 of the Federal Rules of Civil Procedure.  Because no arguments have been raised on appeal pertaining to sanctions, any challenge to that portion of the district court's judgment has been waived.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

statute defines "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Although the "statute does not specifically define the outer boundaries of [an] enterprise," the Supreme Court has held that an "enterprise" must have "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 944, 946 (2009).

Curtis argues that his operative complaint identified two enterprises for the purposes of RICO. Specifically, he maintains that "Enterprise I" consisted of defendants The Law Office of Yeung & Wang and Teresa Greenberg (who was employed by Yeung & Wang), and certain related corporations that Yeung & Wang "controlled or owned before, during, and after" Greenberg represented Curtis. Appellant's Br. at 5. According to Curtis, "Enterprise II" was composed of defendants Larkin, Ingrassia & Tepermayster, LLP, Todd A. Kelson, PC, Mishael Minnie Pine, Weiner Law Group LLP, Sheindlin Law Office, and Wenig Saltiel, LLP. *Id.* at 19–20.

However, Curtis failed to plausibly allege that the members of either of these alleged enterprises acted with a common purpose. Instead, at most, he alleged that some of the defendants agreed at different times to engage in some fraudulent conduct. Such allegations fall well short of adequately pleading that the defendants functioned as "a continuing unit" with "a common purpose." *Boyle*, 556 U.S. at 948. As we have observed, alleging that various defendants "agreed at different times to engage in various fraudulent schemes" does not "plausibly support the inference, essential to a RICO association-in-fact enterprise, that they acted with a sufficiently common purpose." *D'Addario v. D'Addario*, 901 F.3d 80, 101–02 (2d Cir. 2018). The RICO

5

conspiracy claim also fails for the same reason. *See Williams v. Affinion Grp., LLC,* 889 F.3d 116, 126 (2d Cir. 2018) (concluding that RICO conspiracy claims fail when the "alleged conspiracy involved an agreement to commit the same substantive RICO violations [the Court has] deemed insufficiently pled"). Accordingly, Curtis failed to plausibly allege a RICO claim.[3]

We also conclude that the district court did not abuse its discretion in denying Curtis's motion for reconsideration under Rule 59(e). None of Curtis's arguments provides any basis for disturbing the district court's decision, and the district court correctly determined that any challenge to the magistrate judge's order disposing of his motion to compel was untimely. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [non-dispositive] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (holding that "a *pro se* litigant who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order").

\*        \*        \*

---

[3] Because we affirm the dismissal of the RICO claims based on the failure to adequately plead a RICO enterprise, we need not address the district court's alternative grounds for dismissal.

We have considered Curtis's remaining arguments and find them to be without merit.   For

the foregoing reasons, the judgment of the district court is **AFFIRMED**.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4]   While the appeal was pending, defendant-appellee William Larkin III died.   Counsel for Mr. Larkin and Larkin, Ingrassia & Tempermayster, LLP have sought additional time to determine whether there should be a substitution of a personal representative of the estate under Federal Rule of Appellate Procedure 43(a)(1).   Because we affirm, however, none of the defendants-appellees are subject to liability and the request for additional time to consider the necessity of a substitution under Rule 43(a)(1) is denied as moot.