*Craig v. The City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-five.

Present:
> WILLIAM J. NARDINI
> SARAH A. L. MERRIAM
> MARIA ARAÚJO KAHN
> *Circuit Judges*.

---

ALBERT CRAIG,

> *Plaintiff-Appellant*,
>
> v.

24-1180-cv

THE CITY OF NEW YORK, CORRECTION OFFICER ELIAS HUSAMUDEEN, DOC CORRECTION OFFICER, FORMER COMMISIONER CYNTHIA BRANN, FORMER DOC COMMISSIONER, DOC EXECUTIVE DIRECTOR MARIA GUCCIONE, DOC EXECUTIVE DIRECTOR OF LABOR RELATIONS, DEPUTY WARDEN DESIREE HILL, DOC DEPUTY WARDEN, MARC A. STEIER, NATHANIEL K CHARNY, ATTORNEY, FORMER ACTING PRESIDENT (COBA),

> *Defendants-Appellees*.

---

| For Plaintiff-Appellant: | ALBERT CRAIG, *pro se*, Brooklyn, NY. |
|---|---|
| For Defendant-Appellee Elias Husamudeen: | H. JOSEPH CRONEN (Nathaniel K. Charny, *on the brief*), Charny & Wheeler P.C., Rhinebeck, NY. |
| For Defendants-Appellees City Of New York, Brann, Hill, and Guccione: | SUSAN PAULSON (Deborah A. Brenner, *on the brief*), of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *District Judge*; Peggy Kuo, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Albert Craig, proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York entered on April 2, 2024, which followed a dismissal of his second amended complaint for failure to state a claim, and an order entered on June 22, 2022, denying his motion to disqualify opposing counsel. Craig, represented by counsel at the time, commenced this action against the City of New York, Former New York City Department of Correction ("DOC") Commissioner Cynthia Brann, DOC Executive Director of Labor Relations Maria Guccione, DOC Deputy Warden Desiree Hill (the "City Defendants"), and DOC Correction Officer Elias Husamudeen (collectively, "Defendants"). He alleged federal claims, pursuant to 42 U.S.C. § 1983, for violations of the First and Fourteenth Amendments against all Defendants and New York state law claims against Husamudeen and Guccione. On May 19, 2021, Craig moved to disqualify Nathanial K. Charny, Husamudeen's legal counsel. Magistrate Judge Peggy Kuo denied that motion and sanctioned Craig's counsel for filing the motion based on speculation and allegations lacking evidentiary support. His counsel

2

subsequently withdrew, and Craig filed a second amended complaint. The district court (LaShann DeArcy Hall, *District Judge*) dismissed the complaint for failure to state a claim. *See Craig v. City of New York*, No. 20-cv-2152 (LDH) (PK), 2024 WL 1345294 (E.D.N.Y. Mar. 29, 2024). On appeal, Craig (i) challenges the dismissal of his second amended complaint and the denial of his motion to disqualify Charny, and (ii) moves to disqualify Charny before this Court. We assume the parties' familiarity with the case.

## I.        District Court's Dismissal

We review *de novo* a district court's dismissal of a complaint for failure to state a claim, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023).[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As a threshold matter, although Craig was *pro se* at the time the district court granted the Defendants' motions to dismiss, the district court did not abuse its discretion in declining to liberally construe Craig's amended complaint. Though "[i]t is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants," a district court may exercise its discretion "to determine based on the totality of the relevant circumstances when the ordinary approach is not appropriate and what degree of solicitude, if any, should be afforded." *Tracy v. Freshwater*, 623 F.3d 90, 101, 102–03 (2d Cir. 2010). Here, Craig commenced this action through

---

[1]   Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

3

counsel, amended his complaint once through counsel, and moved to file a second amended complaint through counsel. Although Craig ultimately filed his second amended complaint *pro se*, that complaint drew heavily on the proposed version submitted by counsel as part of his motion to amend. Accordingly, the district court did not abuse its discretion in declining to grant Craig special solicitude when considering his second amended complaint.

Turning to the arguments on appeal, Craig primarily contends that the district court erred in dismissing his complaint because the court based its decision on perjurious statements contained in the Defendants' motions to dismiss. We find this argument unpersuasive. In describing the Defendants' allegedly "perjured testimony" and "false material facts," Appellant Br. at 1, Craig states that the Defendants falsely represented that: (i) the City Defendants played no role in violating his rights, (ii) there was no evidence that Husamudeen conspired with the City Defendants, and (iii) an Article 78 mandamus proceeding was an available post-deprivation remedy. Contrary to Craig's claim, the district court did not simply accept these representations as true; rather, it found that Craig's complaint failed to affirmatively allege facts to support his arguments to the contrary. First, the district court did not presume that the City Defendants played no role in Craig's allegations but instead concluded that Craig failed to allege that there was a causal relationship between his protected speech and the City Defendants' alleged conduct, or that the City Defendants plausibly interfered with his associational rights. Second, Craig's complaint did not allege facts sufficient to show that Husamudeen conspired with the City Defendants. And third, the district court correctly observed that Craig did not allege that he had sought an Article 78 hearing or that Article 78 remedies were unavailable to him. Because Craig failed to plead factual content that would allow the court to draw the reasonable inference that the Defendants are liable for the misconduct alleged or that post-deprivation remedies were unavailable to him, his

4

argument fails. *See Iqbal*, 556 U.S. at 678.

Any other arguments relevant to the district court's dismissal that Craig has failed to raise are properly deemed abandoned. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (holding that "a pro se litigant abandons an issue by failing to address it in the appellate brief"); *see also Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) ("[W]e need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief.").

## II.     Motions to Disqualify[2]

Because Craig did not seek review of the magistrate judge's order denying his motion to disqualify Charny in the district court, he has waived appellate review of the order. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) (holding that "a *pro se* litigant who fails to object timely to a [magistrate judge's] order on a non-dispositive matter waives the right to appellate review of that order"). Craig also moves before this Court to disqualify Charny and his firm. We deny that motion for largely the same reasons that the magistrate judge denied his motion to disqualify below.

\* \* \*

We have considered Craig's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We also reject as meritless Craig's allegation that Judge Kuo was biased against him. Judge Kuo's ruling on Craig's motion to disqualify opposing counsel, by itself, cannot establish bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").