08-5884-cv
Kaboggozamusoke v. Rye Town Hilton Hotel

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand ten.

PRESENT: RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges*
RICHARD K. EATON,
*Judge.*\*

_____

LUTTAAYA KABOGGOZAMUSOKE,

*Plaintiff-Appellant*,

-v.-                                        08-5884-cv

RYE TOWN HILTON HOTEL,

*Defendant-Appellee.*

_____

FOR APPELLANT:      LUTTAAYA KABOGGOZAMUSOKE, *pro se*, Hollis, New York.

FOR APPELLEE:       SUSANNE KANTOR and JOSEPH A. SACCOMANO, JR., Jackson Lewis LLP, White Plains, New York.

---

\* The Honorable Richard K. Eaton, of the United State Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal from the judgment of the United States District Court for the Southern District of New York be **DISMISSED.**

Appellant Luttaaya Kaboggozamusoke appeals, *pro se*, from the September 29, 2008 judgment of the United States District Court for the Southern District of New York (Wood, *J.*), granting appellee Rye Town Hilton Hotel's motion for summary judgment and denying appellant's motion to reopen discovery. In a September 26, 2008 opinion and order the district court adopted the report and recommendation of the magistrate judge. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant's complaint against his former employer, the Rye Town Hilton Hotel, raised allegations of wrongful termination and failure to promote based on his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. Appellant also raised claims of harassment, fraud

and racketeering under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

The magistrate's report and recommendation explicitly states that the parties were afforded ten days to file written objections to the recommended disposition and that the failure to file timely objections would constitute a waiver of those objections both before the district court and before this Court. *See Thomas v. Arn*, 474 U.S. 140, 144-55 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a) and 6(d). Thus, the magistrate judge provided the requisite "express warning" of the consequences of the failure to object to the report and recommendation. *Caidor v. Onondaga County*, 517 F.3d 601, 602-03 (2d Cir. 2008).

Although a waiver of review by this Court based on the failure to timely object to the magistrate's report and recommendation is "nonjurisdictional" and "we may excuse the default in the interests of justice" the circumstances of this case do not convince us that an exercise of discretion in this regard is warranted. *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir.

3

2000) (internal quotation marks omitted).  The defaulted arguments cannot be said to have "substantial merit" nor can we conclude that the "magistrate judge committed plain error" in granting summary judgment to the appellee.[1]  *Id.*

   For the foregoing reasons, the appeal from the judgment of the district court is hereby **DISMISSED**.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

---

[1] In adopting the report and recommendation of the magistrate judge, the district court clarified that it is not necessary for a plaintiff to demonstrate satisfactory performance in order to make out a *prima facie* case of employment discrimination.  "[A]ll that is required is that the plaintiff establish basic eligibility for the position at issue." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001).  Nonetheless, the report and recommendation was free of "clear error," Fed. R. Civ. P. 72(b) advisory committee's note, because even assuming *arguendo* that appellant established a *prima facie* case, summary judgment in favor of appellee was proper.  Appellee offered unrebutted evidence of legitimate, non-discriminatory reasons for its actions against appellant. *E.g. Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000).

4