09-3960-cv
Ajayi v. David

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand ten.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges.*

---------------------------------------------------------

OLADELE AJAYI,

*Plaintiff-Appellant,*

v.                                                            No. 09-3960-cv

CAROL DAVID, SILVIA MONTALBAN,
DEPARTMENT OF HOMELESS SERVICES,
R. NEWMAN, P. GROWE, E. GREEN, Y.
PILGRIM,

*Defendants-Appellees.*

---------------------------------------------------------

APPEARING FOR APPELLANT:       OLADELE AJAYI, *pro se*, Far Rockaway, NY.

APPEARING FOR APPELLEES:       SUZANNE K. COLT, Assistant Corporation Counsel (Pamela Seider Dolgow, Camille D. Barnett, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*; Andrew J. Peck, *Magistrate Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on September 3, 2009, is AFFIRMED.

Pro se plaintiff Oladele Ajayi appeals from an award of summary judgment in favor of his former employer, the New York City Department of Homeless Services ("DHS"), and DHS employees Carol David, Silvia Montalban, R. Newman, P. Growe, E. Green, and Y. Pilgrim (collectively, "the DHS defendants") on Ajayi's claims of employment discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 et seq.; the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101 et seq. In awarding summary judgment in favor of the DHS defendants, the district court relied on the report and recommendation of magistrate judge Andrew J. Peck, to which Ajayi filed no objections. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

This court has adopted a rule that failure to object to a magistrate judge's report and recommendation within the prescribed time limit "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." United States v. Male Juvenile (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (holding that court of appeals

2

may adopt such waiver rule). The rule applies to both pro se and counseled litigants. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008). Here, the magistrate judge expressly advised Ajayi that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections," and that "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal." Ajayi v. Dep't of Homeless Servs., No. 08 Civ. 3649, 2009 WL 1704329, at *14 (S.D.N.Y. June 18, 2009) (report and recommendation). Thus, the magistrate judge provided the requisite "express warning" of the consequences of failure to file objections. Caidor v. Onondaga County, 517 F.3d at 603. Because Ajayi failed to file any objections despite this warning, he has waived further judicial review of the findings contained in the report.

While the above-referenced waiver rule is "nonjurisdictional" and, thus, excusable in the interests of justice, Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993), we detect no basis for excusing the failure to object here as Ajayi's arguments on appeal lack substantial merit largely for the reasons stated by the magistrate judge, supplemented briefly by the district court, see Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000).[1]

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk

---

[1] Because Ajayi does not challenge on appeal the brief analysis added by the district court to that provided in the magistrate judge's report and recommendation, any such argument is deemed waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

3