09-2506-pr
Wesolowski v. Kamas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of February, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> CHESTER J. STRAUB,
> ROBERT A. KATZMANN,
> *Circuit Judges.*

─────────────────────────────────────────────

ROBERT WESOLOWSKI,

> *Plaintiff-Appellant*,

> -v.-                                                                          09-2506-pr

CHRISTOPHER F. KAMAS, *et al.*,

> *Defendants-Appellees.*

─────────────────────────────────────────────

FOR APPELLANT:          Robert Wesolowski, *pro se*, Attica, N.Y.

FOR APPELLEES:          Kathleen M. Treasure, Assistant Solicitor General (Barbara
                        D. Underwood, Solicitor General, Nancy A. Spiegel,
                        Senior Assistant Solicitor General, *of counsel*) *for* Andrew
                        M. Cuomo, Attorney General of the State of New York,
                        Albany, N.Y.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Robert Wesolowski, *pro se*, appeals from the December 12, 2008, judgment of the district court granting the defendants' motion for summary judgment dismissing the complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review *de novo* an order granting summary judgment. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In order to succeed on his Eighth Amendment claims, Wesolowski must show not only that the defendants denied him "the minimal civilized measure of life's necessities," but also that they acted with a "sufficiently culpable state of mind." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotation marks omitted). In prison-condition cases, the requisite state of mind is one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Deliberate indifference "entails something more than mere

2

negligence." *Id.* at 835.  A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety."  *Id.* at 837.  Officials "may be found free from liability if they responded reasonably to the risk."  *Id.* at 844.  In the context of allegations of inadequate medical care under the Eighth Amendment, we have held that "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."  *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Upon our independent review of the record, we conclude that Wesolowski has not adduced evidence sufficient for a rational trier of fact to find that the defendants acted with deliberate indifference to the conditions of his cell.  The district court therefore did not err in granting the defendants' motion for summary judgment dismissing the complaint.

Moreover, we find that Wesolowski has waived his challenge to the magistrate judge's order prohibiting him from conducting oral depositions because he did not timely object to that order.  *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) (holding that "a *pro se* litigant who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order, even absent express notice from the magistrate judge that failure to object within ten days will preclude appellate review").

We have considered Wesolowski's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3