10-4602-cv
Sepe v. N.Y. State Ins. Fund

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of April, two thousand twelve.

PRESENT:  REENA RAGGI,
     CHRISTOPHER F. DRONEY,
       *Circuit Judges*,
     KIYO A. MATSUMOTO,
       *District Judge*.\*

-------------------------------------------------------------------------

BARBARA SEPE,
       *Plaintiff-Appellant*,

      v.              No. 10-4602-cv

NEW YORK STATE INSURANCE FUND,
       *Defendant-Appellee*.

-------------------------------------------------------------------------

FOR APPELLANT:   Barbara Sepe, *pro se*, New York, New York.

FOR APPELLEE:   Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Laura R. Johnson, Assistant Solicitor General *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

---

  \* Judge Kiyo A. Matsumoto of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*; Ronald L. Ellis, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 30, 2010, is AFFIRMED.

Pro se plaintiff Barbara Sepe appeals the dismissal of her claims against her former employer, the New York State Insurance Fund, for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117; New York State Human Rights Law, N.Y. Exec. Law §§ 290–297; and New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to -131. In ordering dismissal, the district court adopted the report and recommendation of Magistrate Judge Ronald L. Ellis, to which Sepe filed no objections. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Failure to object to a magistrate judge's report and recommendation within the prescribed time limit "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." United States v. Male Juvenile (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (holding that court of appeals may adopt such waiver rule). This rule applies to both pro se and counseled litigants. See Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008). Here, the magistrate judge provided the requisite clear notice when he expressly advised Sepe that, "[p]ursuant to Rule 72, Federal

Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections," and that "[f]ailure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals." The magistrate judge sent a copy of the report and recommendation to the pro se plaintiff. Sepe v. N.Y. State Ins. Fund, No. 09 Civ. 4817 (LAK) (RLE), slip op. at 8 (S.D.N.Y. Sept. 8, 2010) (citing, inter alia, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)). Sepe's failure to file any objections despite this warning operates as a waiver of further judicial review of the findings contained therein. While this waiver rule is "nonjurisdictional" and, thus, excusable in the interests of justice, Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993), we perceive no reason to do so here because Sepe's arguments lack merit for the reasons stated by the magistrate judge, cf. Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (exercising discretion to excuse default to avoid "grave injustice").

Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court