11-1367-pr
Hanrahan v. Mennon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand twelve.

PRESENT:
　　　　　RICHARD C. WESLEY,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges,*
　　　　　J. GARVAN MURTHA,[*]
　　　　　　　*District Judge.*

_____

Timothy Hanrahan, Jr.,

　　　　　*Plaintiff-Appellant*,

　　　　　v.　　　　　　　　　　　　　　　　　　　　11-1367-pr

Mennon, Doctor, Herkimer County Mental Health,
Edgar Scudder, Director of Community Services,
Herkimer County Mental Health, Herkimer County
Correctional Facility, McGrail, Captain,
Superintendent, Herkimer County Correctional
Facility, Shannon Urtz, RN, Medical Department,
Herkimer County Correctional Facility, Christopher
Farber, Policymaker for Herkimer County
Correctional Facility,

　　　　　*Defendants-Appellees.*

_____

[*]The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

FOR PLAINTIFF-APPELLANT: TIMOTHY HANRAHAN, JR., *pro se*, Ilion, NY.

FOR DEFENDANTS-APPELLEES: MICHELLE M. DAVOLI, Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, NY, *for* Defendant-Appellee Mennon, Doctor, Herkimer County Mental Health.

THOMAS K. MURPHY (Thomas J. Higgs, *on the brief*) Murphy, Burns, Barber & Murphy, LLP, Albany, NY, *for* Defendants-Appellees Edgar Scudder, Director of Community Services, Herkimer County Mental Health, Herkimer County Correctional Facility, McGrail, Captain, Superintendent, Herkimer County Correctional Facility, Shannon Urtz, RN, Medical Department, Herkimer County Correctional Facility, Christopher Farber, Policymaker for Herkimer County Correctional Facility.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Timothy Hanrahan, Jr., *pro se*, appeals from the judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) granting summary judgment in favor of the defendants-appellees and dismissing Hanrahan's complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of summary judgment, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011); *see* Fed. R. Civ. P. 56(a).

To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994). A deliberate indifference claim requires a showing of both objective and subjective elements. *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003). "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (citation and internal quotation marks omitted). Where the allegation is that the defendant failed to provide any treatment for the medical condition, "courts examine whether the inmate's medical condition is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Where the challenge is to the adequacy of the treatment provided, such as in cases where treatment is alleged to have been delayed or interrupted, the seriousness inquiry focuses on "the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract." *Smith*, 316 F.3d at 186. Moreover, "a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *see also Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

"Subjectively, the official charged . . . must act with a sufficiently culpable state of mind." *Curcione*, 657 F.3d at 122 (citation and internal quotation marks omitted); *see also Chance*, 143 F.3d at 703. A person acts with deliberate indifference to an inmate's health or safety only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

3

Having reviewed the record and proceedings below, we affirm the district court's judgment for substantially the same reasons articulated by the district court in its March 31, 2011 order, which referenced and adopted the report and recommendation of the magistrate judge made on December 15, 2010. Moreover, to the extent that Hanrahan challenges the magistrate judge's denial of his motions to compel, he has waived his right to appellate review because he failed to timely object to the magistrate judge's order. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008).

We have considered all of Hanrahan's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk