*Douglas v. Bughrara*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> AMALYA L. KEARSE,
> REENA RAGGI,
> > *Circuit Judges.*

_____

HOUSTON DOUGLAS, a/k/a DOUGLAS HOUSTON,

> *Plaintiff-Appellant,*

v.                                                          No. 13-3854

BUGHRARA, ALBANY MEDICAL CENTER, BYRD, ALBANY MEDICAL CENTER, I.V. SPECIALIST DOE, ALBANY MEDICAL CENTER, individually and officially,

> *Defendants-Appellees.**

_____

FOR PLAINTIFF-APPELLANT**:**          Houston Douglas, pro se, Sonyea, New York.

_____

* The Clerk of Court is directed to amend the docket to conform with the caption on this order.

FOR DEFENDANTS-APPELLEES:     Robert A. Rausch, Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*; Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Houston Douglas, proceeding pro se, appeals the district court's judgment in which it granted summary judgment in favor of the defendants with respect to Douglas's 42 U.S.C. § 1983 and state-law medical-malpractice claims, as well as certain discovery rulings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Douglas first challenges the magistrate judge's ruling that the defendants needed to provide only 300 pages of his 2,600-page medical record for free. A litigant, including a pro se litigant, who does not object to a magistrate judge's non-dispositive discovery rulings waives any appellate review of those rulings. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008). Because Douglas did not object to the discovery rulings that he now contests, he has waived appellate review. In any event, he has failed to make any showing that he was prejudiced by these rulings or that the unproduced pages are relevant to the present issues.

Douglas also challenges the district court's grant of summary judgment in the defendants' favor. This Court reviews orders granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Cariou v.*

2

*Prince*, 714 F.3d 694, 704 (2d Cir. 2013). In so doing, this Court construes the evidence in the light most favorable to the non-moving parties and draws all reasonable inferences in their favor. *Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment in favor of the defendants. First, regardless of whether Douglas's injuries were objectively sufficiently serious to give rise to a constitutional claim of deliberate indifference to medical needs, the record is devoid of evidence that would allow a factfinder to conclude that the defendants acted with the requisite mental state to support such a claim. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) ("Deliberate indifference is a mental state equivalent to subjective recklessness . . . . This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result. . . . [R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent." (citations omitted)).

Additionally, the district court did not err in ruling that New York's continuing-treatment doctrine did not toll the statute of limitations on Douglas's medical malpractice claim. Although that ruling was based on a finding that Douglas's 2010 treatment was not for the same medical condition as in 2008, and the record reflects that the 2010 treatment was, in part, for pain related to his 2008 burns, the continuing-treatment doctrine is nevertheless inapplicable for another reason: The 2010 treatment was not administered by the same medical professionals who administered the

3

2008 treatment. *See McDermott v. Torre*, 56 N.Y.2d 399, 407–08 (1982). The district court correctly concluded that Douglas's medical malpractice claim was time-barred.

We have considered the remainder of Douglas's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4