*Matos v. Comm'r of Soc. Sec.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           REENA RAGGI,
                      *Circuit Judges.*

---

ELIZABETH MATOS,

     *Plaintiff-Appellant,*

       v.                                                            No.     14-4320

COMMISSIONER OF SOCIAL SECURITY,

     *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**            Elizabeth Matos, *pro se*, Bronx, NY.

**FOR DEFENDANT-APPELLEE:**             Jacob T. Lillywhite, Emily E. Daughtry, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Elizabeth Matos, proceeding *pro se*, appeals from the District Court's September 4, 2014 judgment granting the motion of defendant the Commissioner of Social Security ("the Commissioner") for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. In granting defendant's motion, the District Court adopted the July 30, 2014 Report and Recommendation ("R & R") of Magistrate Judge James L. Cott. Matos had sought judicial review of the Commissioner's final determination denying her applications for Supplemental Security Income and Disability Insurance Benefits.

The R & R informed plaintiff in bold, capital letters that her failure to file objections within 14 days would result in waiver and preclude appellate review. *Matos v. Colvin*, No. 13-CV-4525 (CM) (JLC), 2014 WL 3746501, at *14 (S.D.N.Y. July 30, 2014). The R & R also cited pertinent authority in support of that proposition, including 28 U.S.C. § 636 and Rules 6 and 72 of the Federal Rules of Civil Procedure, and apprised plaintiff that if she did not have access to the cases cited therein, she should request copies from counsel for the Commissioner. *Id.*

As a general matter, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (internal quotation marks omitted). "[A] *pro se* party's failure to object," however, "does not operate as a waiver . . . unless the magistrate's report explicitly states that failure to [do so] . . . will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *accord Caidor v. Onondaga Cty.*, 517 F.3d 601, 602–03 (2d Cir. 2008) ("It is settled law that a *pro se* litigant's failure to object to a magistrate judge's decision on a dispositive matter does not effect a waiver of appellate review absent an express warning from the magistrate judge."). Here, because the R & R complied with these requirements, plaintiff has waived her right to appellate review.

The aforementioned rule "is a nonjurisdictional waiver provision whose violation we may excuse in the interests of justice." *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *accord In re Warburgh*, 644 F.3d 173, 178 (2d Cir. 2011). But we perceive no basis in the record for such a departure here. As Magistrate Judge Cott correctly found in his thorough and well-reasoned R & R, the Commissioner "compl[ied] with the applicable legal standards and made a determination that was . . . sufficiently supported by the evidence." *Matos*, 2014 WL 3746501, at *9.

We note that, on appeal, plaintiff has submitted new evidence from December 2014 and April 2015, which suggests that her asthma may have recently worsened. "We will not consider new evidence absent extraordinary circumstances," however, "and no such circumstances are present here." *Munn v. Hotchkiss Sch.*, 795 F.3d 324, 330 (2d Cir. 2015) (internal quotation marks omitted).

Moreover, even if we were to consider plaintiff's new evidence, it would not call into question the Commissioner's final determination, which relates to plaintiff's claimed disability period of February 22, 2011 to December 16, 2011. *Matos*, 2014 WL 3746501, at \*13. Although "[t]he court may . . . at any time order additional evidence to be taken before the Commissioner," it may do so "only upon a showing that there is new evidence which is material." 42 U.S.C. § 405(g). To be "material," new evidence must be "relevant to the claimant's condition during the time period for which benefits were denied." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (internal quotation marks omitted). Here, there has been no showing, nor is there any reason to believe, that plaintiff's new evidence is relevant to her condition approximately three-to-four years earlier.

If plaintiff's position is that she "me[ ]t all the requirements for entitlement after the period for which [her] application was in effect, [she] must file a new application for benefits." 20 C.F.R. § 404.620; *cf. Vargas v. Sullivan*, 898 F.2d 293, 297 (2d Cir. 1990) (suggesting that, where a plaintiff introduces new evidence "not properly part of the record" that postdates the period of disability, and this Court determines "that the [Commissioner's] decision . . . was correct," the appropriate procedure is for the plaintiff to "file a new application for benefits based on a later period of disability").

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's September 4, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3