14-3822-cv
*Eustache v. Home Depot U.S.A., Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand fifteen.

PRESENT:   AMALYA L. KEARSE,
           JOHN M. WALKER, JR.,
           JOSÉ A. CABRANES,
                     *Circuit Judges.*

---

LAURENT J. EUSTACHE,

        *Plaintiff-Appellant,*                    14-3822-cv

        v.

HOME DEPOT U.S.A., INC.,

        *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**       LAURENT J. EUSTACHE, *pro se*, East
                                   Patchogue, NY.

**FOR DEFENDANT-APPELLEE:**        PATRICK G. BRADY, Epstein Ecker &
                                   Green, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*; A. Kathleen Tomlinson, *Magistrate Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Laurent J. Eustache ("Eustache"), proceeding *pro se*, appeals from the District Court's September 4, 2014 judgment granting summary judgment in favor of Defendant-Appellee Home Depot U.S.A., Inc. ("Home Depot") in his employment discrimination and retaliation action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Eustache argues that the District Court erred in determining that there was no genuine issue of material fact regarding his gender discrimination and retaliation claims; that Eustache did not adequately understand the nature of a motion for summary judgment, due to Home Depot's untimely provision to Eustache of the notice required by Local Civil Rule 56.2;[1] and that Home Depot improperly frustrated Eustache's discovery efforts. Home Depot argues, *inter alia*, that Eustache waived his right to appellate review of the District Court's grant of summary judgment by failing to object to the August 8, 2014 Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson, which the District Court adopted in its entirety.

"We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38-39 (2d Cir. 1997). This rule applies equally to *pro se* litigants. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). To provide sufficiently clear notice, the magistrate judge's report and recommendation must "explicitly state[ ] that failure to object . . . will preclude

---

[1] Rule 56.2 of the Joint Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York states that

> [a]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" [provided in the Local Rules] with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached.

Eustache's Local Rule 56.2 argument fails because he ultimately received the notice, and in any case had a clear understanding of the nature and consequences of Home Depot's motion for summary judgment. *See Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009) (per curiam).

appellate review" and must "specifically cite[ ]" 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, 6(a) and 6(d). *Small*, 892 F.2d at 16 (referring to Rule 6(d) as 6(e), as it was then numbered).

In this case, the Report and Recommendation addressing Home Depot's motion for summary judgment contained the required warning, but Eustache did not file any objection. Eustache has not shown that he was prejudiced by the tardiness of defendant's service on him of the Rule 56.2 notice, which he received prior to the District Court's ruling. He has therefore waived his right to appellate review of the District Court's grant of summary judgment, which adopted the Report and Recommendation in its entirety. Although "we may excuse the default in the interests of justice," we decline to do so here, because Eustache's arguments on appeal lack "substantial merit." *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

Eustache has also waived his arguments regarding discovery. To the extent that he challenges the Magistrate Judge's order denying a discovery conference, he waived his right to appeal by failing to object in the District Court. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[A] *pro se* litigant who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order, even absent express notice from the magistrate judge that failure to object within ten days will preclude appellate review."). To the extent that Eustache challenges other aspects of discovery, he did not raise those arguments below. This Court does not generally consider claims raised for the first time on appeal, and we see no reason to do so here. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005).

## CONCLUSION

We have reviewed all of the arguments raised by Eustache on appeal that are properly before us and find in them no basis for reversal. For the foregoing reasons, we **AFFIRM** the September 4, 2014 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3