18-2286-cv
*United States Underwriters Ins. Co. v. Orion Plumbing & Heating Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
>     *Circuit Judges*,
> ALISON J. NATHAN,
>     *District Judge*.[*]

─────────────────────────────

UNITED STATES UNDERWRITERS INSURANCE COMPANY,

    *Plaintiff-Appellant*,

    v.                                         18-2286-cv

ORION PLUMBING & HEATING CORPORATION,

    *Defendant-Appellee*.[†]

─────────────────────────────

For Plaintiff-Appellant:          STEVEN VERVENIOTIS, Miranda Sambursky Slone Sklarin Verveniotis, LLP, Mineola, NY.

─────────────────────────────

[*] Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as set forth above.

1

For Defendant-Appellee:            No Appearance.

Appeal from a July 27, 2018 order of the United States District Court for the Eastern District of New York (Hall, *J.*; Reyes, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** in part and **VACATED** in part, and the case **REMANDED** to the district court to address the merits of Plaintiff-Appellant's rescission claim and for further proceedings consistent with this order.

Plaintiff-Appellant United States Underwriters Insurance Company ("US Underwriters") entered into an insurance contract with Defendant-Appellee Orion Plumbing & Heating Corporation ("Orion"). US Underwriters subsequently cancelled that policy. Nevertheless, in order to foreclose potential obligations arising from events taking place prior to cancellation, US Underwriters sued Orion in federal court, seeking (1) a declaration that it had no duty to pay Orion as to claims asserted against Orion in a pending state-court lawsuit, and (2) rescission *ab initio* of the policy. The magistrate judge recommended dismissing US Underwriters' lawsuit for lack of subject matter jurisdiction, and the district court adopted that recommendation. US Underwriters appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## Background

In May 2012, US Underwriters issued an insurance policy to Orion, providing Orion with liability insurance coverage for the following year. In September 2012, US Underwriters cancelled that policy, citing Orion's failure to pay premiums.

On June 3, 2012, prior to cancellation of Orion's policy, a New York City firefighter named Joseph Pomilla ("Pomilla") sustained injuries while responding to a fire that occurred during

2

renovation of a home in the Rego Park area of Queens.  On February 11, 2015, Pomilla sued the property's owner, Arkadiy Bangiyev ("Bangiyev"), in state court, alleging that Bangiyev's negligence had caused the fire and, hence, Pomilla's injuries.  On December 14, 2015, Bangiyev filed a third-party complaint against Orion, which had worked on the home.  Subsequently, Bangiyev succeeded on a motion for summary judgment.  Bangiyev and Orion were then dismissed from the lawsuit, and Orion's motion for summary judgment was denied as moot.  Pomilla has appealed the dismissal of his claims against Bangiyev.

On August 19, 2016, US Underwriters filed suit against Orion in the United States District Court for the Eastern District of New York.[1]  US Underwriters sought (1) a declaration that it had no duty to pay Orion as to claims asserted against Orion in Pomilla's state-court lawsuit, and (2) rescission *ab initio* of the insurance policy on the ground that Orion made material misrepresentations when it applied for the policy.  Orion did not answer US Underwriters' complaint.  On December 22, 2016, the Clerk of Court entered default against Orion.

US Underwriters then moved for a default judgment against Orion.  On April 17, 2018, the magistrate judge recommended denying the motion and dismissing the case for lack of subject matter jurisdiction.  The magistrate judge concluded that US Underwriters' claims failed to present a case or controversy, noting that "an attenuated chain of contingencies" would have to occur before Orion could claim entitlement to insurance coverage from US Underwriters.  Sp. App. 4.  US Underwriters did not object to the dismissal of its claim seeking the declaration of no coverage, but did object to the dismissal of its claim seeking rescission.

---

[1] US Underwriters' initial complaint also named Pomilla, Bangiyev, and two other defendants.  But the district court dismissed these defendants, reasoning that in the absence of any contractual relationship with US Underwriters, the latter's claims against them failed to present a live case or controversy.  The present appeal does not implicate the dismissal of these defendants.

3

The district court overruled the objection and adopted the magistrate judge's opinion in full, dismissing US Underwriters' claims without prejudice. The district court substantially adopted the magistrate judge's analysis, stating that "an attenuated chain of contingencies would have to occur" before Orion could claim coverage under its insurance policy with US Underwriters and concluding that US Underwriters' claim for rescission was therefore "not justiciable." Sp. App. 10. US Underwriters timely appealed.

## Discussion

### 1. Declaration of Insurance Obligations

US Underwriters did not object to the portion of the magistrate judge's opinion recommending dismissal of its claim for a declaration of no coverage. "In general, 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" *Caidor v. Onondaga Cty.*, 517 F.3d 601 (2d Cir. 2008) (quoting *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). While this court may "excuse the default in the interests of justice," *Thomas v. Arn*, 474 U.S. 140, 155 (1985), US Underwriters has not asked us to do so. We therefore affirm the district court's decision dismissing its claim for a declaration of its insurance obligations to Orion.

### 2. Rescission

US Underwriters did object to the portion of the magistrate judge's opinion recommending dismissal of its claim for rescission. The district court reviewed this portion of the magistrate judge's opinion *de novo*, and it dismissed US Underwriters' claim because it failed to present a "case or controversy" as required by Article III of the Constitution.

We disagree. US Underwriters does indeed have a justiciable claim. We have held that rescission claims may be justiciable even absent a pending claim. *See Republic Ins. Co. v.*

4

*Masters, Mates & Pilots Pension Plan*, 77 F.3d 48, 50 (2d Cir. 1996). In this case, US Underwriters has adequately alleged facts establishing a live case or controversy.

US Underwriters' complaint alleged that its policy with Orion obligated it to defend Orion against any suit seeking damages for claims to which its policy applied. The complaint detailed the existence of the Pomilla lawsuit against Bangiyev. The complaint noted that Bangiyev had impleaded Orion in that lawsuit, "alleging that any liability faced by Bangiyev was caused by Orion, and therefore seeking indemnification and contribution," and that "Orion ha[d] not yet filed an answer or otherwise appeared" in that lawsuit. App. 22. In stating its cause of action for rescission, US Underwriters further alleged that Orion had made material misrepresentations about the nature of its work when it applied for coverage from US Underwriters. The complaint alleged that US Underwriters "would have charged a higher premium and/or had issued a different policy [sic], or would have denied to issue the Policy [sic], if it had known that Orion performed work on residential buildings/structures." App. 27–28. It further alleged that US Underwriters "would never have insured the Policy to Orion [sic] had it known that Orion performed such work." App. 28.

The facts that US Underwriters alleged in its complaint describe an injury in fact sufficient to establish a concrete case or controversy. US Underwriters has alleged a reasonable likelihood that it will face liability to Orion based, at minimum, on its duty to defend Orion under its policy. US Underwriters could face this liability based on reinstatement of the underlying action as to Bangiyev or any further litigation involving Orion. Given US Underwriters' allegations that Orion's misrepresentations induced it to issue the policy and the potential for rescission to eliminate US Underwriters' indemnity and defense obligations, US Underwriters has alleged sufficient facts to raise an actual controversy about the appropriateness of rescission.

5

* * *

We have considered all remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court dismissing US Underwriters' claim for a declaration of no coverage, but **VACATE** the order of the district court dismissing US Underwriters' claim for rescission. We **REMAND** the latter claim to the district court to address its merits and for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk