23-713-cv
Pang v. Ye

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

Ivan To Man Pang,

> *Plaintiff-Appellant,*

> v.                                                      23-713-cv

Anthony Ye, Citi Realty Services - Financial Manager, William Carley, Citi Realty Services - Finance Director, Renae

**Stokke, Employee Relations Senior Manager, Cushman & Wakefield U.S., Inc., 1290 Ave. of the Americas, New York, NY 10104,**

*Defendants-Appellees,*

**Cushman & Wakefield, Scott Snow, Citi Account - Human Resources Manager,**

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:
Ivan To Man Pang, pro se, Briarwood, NY.

FOR DEFENDANTS-APPELLEES:
Mary Augusta Smith, Jackson Lewis P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie Caproni, *Judge*; Sarah Netburn, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

2

*   *   *

Appellant Ivan To-Man Pang, proceeding pro se, brought this lawsuit alleging that his former employer, Cushman & Wakefield ("C&W"), discriminated against him on account of his race, national origin, sex, and age in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). Pang claimed that C&W underpaid him and disregarded his work contributions, systematically favoring other employees who were younger, female, and white. Pang was suspended after he refused to sign a Memorandum of Expectations ("MOE") that detailed his alleged performance issues and required him to improve or face potential termination. After this suspension, Pang voiced concerns about discrimination on protected grounds; in response, a C&W HR employee discussed severance packages with him, but Pang declined to resign.

Following the suspension, while out on sick leave, Pang used his work email address to forward emails to his personal email address that contained material that he intended to use to pursue his claims of discrimination. According to C&W, these emails contained confidential client information, including Social Security numbers; therefore, forwarding the emails outside of the company

3

violated company policy. The emails were flagged by an internal monitoring system, and Pang was fired a few days later following an investigation. Pang commenced this action after receiving a "Notice of Right to Sue" from the Equal Employment Opportunity Commission ("EEOC").

During the discovery phase of the litigation, the magistrate judge (Netburn, *M.J.*) denied two of Pang's motions to compel discovery by C&W, as well as his subsequent motion for reconsideration. The parties eventually cross-moved for summary judgment. Adopting the magistrate judge's report and recommendation, the district court granted summary judgment to the defendants. *Pang v. Cushman & Wakefield U.S., Inc.*, No. 20-CV-10019 (VEC)(SN), 2023 WL 2644267 (S.D.N.Y. Mar. 27, 2023).

Pang appealed. We assume the parties' familiarity with the remainder of the underlying facts, the procedural history, and the issues on appeal.

### I. Discovery Orders

Pang first challenges the magistrate judge's denials of his motions to compel. While Pang filed a motion for reconsideration addressed to the magistrate judge, he did not object to these discovery rulings before the district

4

judge. A litigant, including a pro se litigant, who fails to object to a magistrate judge's non-dispositive discovery orders forfeits the right to appellate review of those rulings. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008). Thus, by failing to object, Pang forfeited appellate review of those orders.

In any case, the district court did not abuse its discretion in denying the requests for further discovery. Pang fails to demonstrate that the discovery granted to him was "so limited as to affect [his] substantial rights." *Clark v. Hanley*, 89 F.4th 78, 91 (2d Cir. 2023) (internal quotation marks omitted). In fact, the record below demonstrates that discovery was extensive and that Pang's requests for his former colleagues' work product and medical records were duplicative or concerned private medical information. As the magistrate judge reasonably concluded, "absent a showing of 'specific need for the information,'" Pang's "attempt to compel production of 'intimately personal information' about non-parties [was] not warranted." Special App'x at 3 (quoting *Sidari v. Orleans Cnty.*, 180 F.R.D. 226, 232 (W.D.N.Y. 1997)); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) ("A district court has wide latitude to determine the scope of discovery[.]").

5

## II.    Summary Judgment

Pang also challenges the district court's grant of summary judgment for the defendants.   We review de novo cross-motions for summary judgment when "the district court granted one motion but denied the other," taking care "in each instance to draw all reasonable inferences against the party whose motion is under consideration."   *Zhang Jingrong v. Chinese Anti-Cult World All. Inc.*, 16 F.4th 47, 56 (2d Cir. 2021) (internal quotation marks and citation omitted).   "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"   *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).   While we "liberally construe pleadings and briefs submitted by pro se litigants" to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), a party cannot defeat a motion for summary judgment with "conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted).

6

### A. Claims Abandoned on Appeal

Pang fails to develop his ADEA claim on appeal; he suggests only in passing that his age "could [have been] a partial reason" for defendants' adverse actions against him. Appellant Br. at 51. Because this claim has not been meaningfully developed on appeal, Pang has abandoned it. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (concluding that pro se litigant abandoned argument by mentioning the "substance of the District Court's ruling . . . obliquely and in passing").

### B.      Discrimination

We evaluate Title VII and New York State Human Rights Law ("NYSHRL") claims under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82–83 (2d Cir. 2015) (Title VII); *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 271 n.3 (2d Cir. 2016) (NYSHRL).

Pang failed to establish a prima facie case of discrimination under Title VII or the NYSHRL. None of the adverse employment actions that Pang identifies— including his compensation, C&W's decision not to promote him in 2018, his 2018

performance evaluation, and his termination—gives rise to an inference of discrimination. "Even in the discrimination context, . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010). But even assuming *arguendo* that Pang established a prima facie case of discrimination, C&W articulated legitimate, non-discriminatory reasons for its actions. For example, C&W provided evidence that Pang's failure to obtain promotion was attributable to Pang's poor performance and unprofessional behavior toward his colleagues and supervisors, and that his compensation, compared to that of his colleagues, was commensurate with his experience and performance ratings and within the salary range for his position. As for Pang's firing, the record establishes that C&W's decision to fire him is attributable to his violation of company policy by forwarding emails containing confidential client information to his personal email account. *See Fletcher v. ABM Bldg. Value*, 775 F. App'x 8, 14 (2d Cir. 2019) (confirming that violation of employer's computer use policy is a "legitimate, non-discriminatory reason for terminating [the plaintiff]").

Because C&W met its burden at *McDonnell Douglas* step two, the burden

shifted to Pang to provide evidence from which a reasonable factfinder could conclude that C&W's stated non-discriminatory reasons were pretextual. He did not satisfy that burden. Pang's own assertions that his work performance was exemplary do not create genuine issues of material fact, given the record evidence of his declining performance and poor attitude. Similarly, while Pang attacks the credibility of his supervisors and the validity of their assessments of his work, these "[c]onclusory allegations . . . are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." *FTC v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)); *see also Tubo v. Orange Reg'l Med. Ctr.*, 690 F. App'x 736, 740 (2d Cir. 2017) (summary order) (disagreement with defendant's assessment of performance did not satisfy burden to show pretext). And with respect to his termination, although Pang argues that he was unaware of the policy against sending confidential information, the record shows that he signed an acknowledgment of the policy when he was hired, his offer letter explained that the policy was subject to change, and the policy in place when he was fired prohibited sending private client information. As the policy itself noted, and a

9

C&W employee testified at a deposition, violation of this policy could result in termination.   Similarly, Pang has not created a genuine dispute of fact regarding his supervisor's testimony that the emails did, in fact, contain confidential client information, including Social Security numbers.   Pang's Title VII and NYSHRL claims therefore fail.

Finally, while New York City Human Rights Law ("NYCHRL") claims are subject to a more forgiving standard than Title VII or NYSHRL claims, *see Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013), summary judgment is still appropriate "if no reasonable jury could conclude . . . that discrimination or retaliation played [a] role in the defendant's actions," *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015) (internal quotation marks, citation, and brackets omitted).   C&W offered legitimate, non-discriminatory reasons for its employment decisions regarding Pang, including terminating him for violating company policy, and Pang offered no evidence from which a reasonable jury could conclude that C&W's stated reasons were pretextual.

Accordingly, summary judgment was appropriate for Pang's discrimination claims.

10

## C. Hostile Work Environment

While hostile work environment claims under Title VII and the NYSHRL are again assessed differently from those under the NYCHRL, *compare Banks v. Gen. Motors, LLC*, 81 F.4th 242, 261–62 (2d Cir. 2023), *with Williams v. N.Y.C. Hous. Auth.*, 61 F.4th 55, 69 (2d Cir. 2023), each requires that a plaintiff demonstrate that the hostile work environment was created due in part to discrimination based on a protected characteristic. *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (Title VII/NYSHRL); *Williams*, 61 F.4th at 69 (NYCHRL).

We need not evaluate whether C&W's actions subjected Pang to a hostile work environment because even assuming that they did, Pang has not shown any "linkage or correlation" between any such differential treatment and a protected characteristic. *See Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002); *Mihalik*, 715 F.3d at 110 (observing that, even under the NYCHRL, "[t]he plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive"). Thus, the district court properly granted summary judgment on Pang's hostile work environment claims.

**D. Retaliation**

Under both Title VII and the NYSHRL, it is unlawful to discriminate against an employee "because he has opposed [a] practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a) (Title VII); *Banks*, 81 F.4th at 275. The same burden-shifting framework that applies to discrimination claims applies to retaliation claims. *Ya-Chen Chen*, 805 F.3d at 70.

Pang does not meaningfully dispute that the only instance of protected activity was his communication with HR in May 2019, when he alleged that he had been subject to discrimination. *See Estevez v. Berkeley Coll.*, 2022 WL 16843460, at *2 (2d Cir. Nov. 10, 2022) (noting that communications with HR are "instances of protected activit[y]"). His theory is that the defendants fired him in retaliation for raising his discrimination claims with HR. But as discussed above, Pang has again not created a genuine issue regarding C&W's non-discriminatory reason for his ultimate termination: emailing confidential information to his personal email accounts. Nor has he raised a genuine dispute that this reason was pretextual.

12

While the NYCHRL has a broader reach than Title VII and the NYSHRL, including by "protecting plaintiffs who oppose any practice forbidden under the law from conduct reasonably likely to deter a person engaging in such action," *Ya-Chen Chen*, 805 F.3d at 76 (internal quotation marks omitted), the same reasoning applies. C&W's firing of Pang does not qualify as conduct reasonably likely to deter a person from engaging in protected activity because it was predicated on his violation of company policy.

\* \* \*

We have considered Pang's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13