23-7230
Soo Park, et al. v. State Farm Mutual Automobile Insurance Company, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

SOO PARK, JAE LEE

*Plaintiffs-Appellants*,

v.                                                                No. 23-7230

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, ERICA HROMAS

*Defendants-Appellees.*

_____

**FOR PLAINTIFFS-APPELLANTS:**      JAE S. LEE, JSL Law Offices P.C., Uniondale, NY.

**FOR DEFENDANTS-APPELLEES:**      MERRILL S. BISCONE (Cheryl F. Korman, *on the brief*), Rivkin Radler LLP, Uniondale, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court dated October 11, 2023, is **AFFIRMED**.

On this appeal, Plaintiffs-Appellants challenge two district court orders: (1) the January 27, 2022, order partially dismissing the complaint and (2) the September 27, 2023, order denying leave to file an amended complaint.[1]  In partially dismissing the complaint and denying leave to file an amended complaint, the district court each time adopted a report and recommendation by the assigned magistrate judge.  Plaintiffs failed to timely object to both reports and recommendations.  We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we recount only as necessary to explain our decision.

It is well settled that "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (holding that "a court of appeals may adopt a rule conditioning appeal" upon objection so long as notice is provided); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988) (noting that this rule serves the court's interest "in the promotion of the efficient use of judicial resources").  We have recognized that we may sometimes exercise our discretion to disregard untimeliness

---

[1] Appellants filed their notice of appeal on September 28, 2023, before the entry of the final judgment, but such "a premature notice . . . may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." *Berlin v. Renaissance Rental Partners, LLC*, 723 F.3d 119, 128 (2d Cir. 2013).  That is the case here.

"based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *see also United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997) (excusing waiver because "it [wa]s clear that the district court did not consider the . . . issue waived").

In both reports and recommendations, the magistrate judge expressly advised that Plaintiffs' failure to file a timely objection would waive their right to appeal the district court's orders. Plaintiffs nonetheless filed their objections after the deadlines had passed.[2] Therefore, as the district court observed when it adopted the magistrate judge's report and recommendation denying leave to amend, Plaintiffs waived their right to further judicial review. *See, e.g.*, *Stevens v. Duquette*, No. 22-1571, 2024 WL 705954, at \*1 (2d Cir. Feb. 21, 2024) (summary order); *Thomas v. Deutsche Bank Nat'l Tr. Co.*, No. 21-1208-cv, 2022 WL 761140, at \*1 (2d Cir. Mar. 14, 2022) (summary order).

We decline to exercise our discretion to ignore Plaintiffs' waiver, especially where, as here, the appeal lacks substantial merit.

\*   \*   \*

---

[2] The district court noted that Plaintiffs also repeatedly failed to appear for court conferences. We are further troubled by Lee's insistence to the district court that it must exercise leniency when assessing pro se complaints, as an apparent attempt to excuse at least some of their untimeliness throughout the litigation. Lee herself is a licensed attorney, warranting no solitude. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). Furthermore, Park is represented by Lee and therefore is not pro se. Regardless, we have consistently enforced the waiver rule against pro se litigants who receive clear notice. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

We have considered Appellants' remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court